Good morning, Your Honor. There are two cases pending on appeal this morning, so I'm going to, I guess, address the first case, which is 18-55532, which is Attebury Grain v. Vicente Cortez and Juan Cortez. Correct. All of them are somewhat related, but this is the case that I'm going to address first. So the facts are the same. Yes, very close. Okay. And basically what happened in the case we're discussing right now, there was a state, there was a federal court judgment rendered by Judge Manuel Real on summary judgment, which went up on appeal to this court. And in the interim, before the appeal was determined, the second case was filed for fraudulent transfer, claiming that my client, Vicente Cortez, transferred property to avoid paying the original judgment, which was on appeal. The facts of that case were simply... Well, we know the facts. So basically what we're saying is the issue that I'm trying to address here today is the fact that a second judgment was rendered against Mr. Cortez in this case, even though there was a prior judgment for the same facts. That doesn't strike me as particularly unusual. There are lots of cases where multiple defendants are liable for the same obligation. What's the problem? No, it's the same defendant. There are many cases where the same defendant can be obligated for different reasons on the same debt. Still, what's the problem? And this happens all the time in the law, whether it's one defendant, multiple defendants. What's the problem? There's clearly only one debt that can be satisfied. I think the district court made that clear. It's the underlying... The second judgment was subsumed by the first judgment. How? Simply by adding additional monies owed for something that had already been determined. The district court's order on the motion to alter the judgment was very clear that this was not going to lead to double recovery. So I guess I have Judge Clifton's same question. What's the issue here in light of that? I believe it's going to be a double recovery. How? Because the original judgment in the underlying case, first case, is now being added to by a second judgment for conduct, which it was alleged to be on summary judgment, to be a transfer. The conduct itself related to the original judgment. But more importantly, and the issue that I really want to stress... Has there been any effort to collect the judgment twice? Oh, yes. Has the money been collected more than once? The money has not been collected. So what's the problem? I mean, if there's an effort after the money is paid the first time to collect more, then you may have an issue. Until then, you're wasting our time. Can I address the second point, Your Honor? There was an award of punitive damages with absolutely no evidence in the record of the financial condition of the defendant for which punitive damages were awarded in an enormous sum of approximately $900,000 for conduct which may or may not have been subject to evidence of what his financial condition was. And under California law, that's clearly necessary before you can award punitive damages against an individual with zero evidence. And that's my primary point with regard to the second judgment, is that the punitive damage award did not have any support. There was zero evidence submitted as to what his financial condition was. The burden of proofs on the appellee to show what the financial condition of the appellant is, none was done. Counsel, is it your position that there was no evidence in the record at all regarding the financial condition of your client? Minimal amount was in the record, but nothing to support the size of the punitive damage award. But there was evidence in the record regarding... I believe there was a minimal amount of evidence, but it was done on summary judgment with no opportunity to determine whether or not this is the amount, what is the true financial condition. All of the elements necessary to award punitive damages were not there. And that's my main point, that that would be totally inappropriate and unfair. Wasn't there evidence that either directly or indirectly, Mr. Cortez owned real property in Pico Rivera in El Monte, the Tortilla Factory, property on Gratian Street, three vehicles, one of the properties generates income. Was that evidence in the record? That evidence was in the record. You started by saying there was no evidence, and now you've moved to minimal evidence. Now it turns out there's maybe more than that. So what was there? Why wasn't that enough? Because there was no valuation provided, there was no appraisals provided, there was nothing provided, there was no proof as to what the debt against those properties were, and who owned the properties. So, I mean, to say you can grant punitive damages on that basis seems to be highly irregular, considering what is necessary to award punitive damages. And that was basically how it was done, it was done in that manner, and I don't see how this court can support a punitive damage award against an individual with no proof, excuse me, with statements as to... Not no proof, is it? It's not no proof anymore. No, no, okay. Stop telling us no proof, no evidence, no nothing, because it's there. You can't deny what's there. You might try to explain to us why what's there is not enough, but don't keep telling us it's not there. We know better. I totally respect your statement, Your Honor. But there's not enough... That's just enough to be straight with us, so come on, get to the record. There's not enough there to state that the evidence could support an award of punitive damages in the amount of over $900,000 based upon what was in the record. Counsel, what case are you relying upon to support your proposition that the amount of Tell me your strongest case that supports your argument. The case is in the brief. Tell me your strongest case, your single strongest case to support your argument. I would support Adams v. Mercari, 54 Cal 3rd, 105, 1991. And what's the language in that case that you're relying upon to support your argument? Okay, the court in that case indicated that there had to be meaningful evidence of the condition. It's necessary to ensure that any award is rationally based. It also cites courtesy ambulance service... So your argument is that the evidence that was in the record was not meaningful evidence? Is that your argument? Enough to support punitive damages. Okay. All right. I think we understand your argument. Let's hear from opposing counsel. Thank you, Your Honor. And Bill, we'll hear from you on rebuttal. Good morning, Your Honors. My name is Joe Akrotirianakis. I represent Atterbury Grain. I will dive in where Mr. Altagan left off. Judge Rawlinson, in response to your question, counsel referenced the Adams case. In fact, in the Adams case, the court specifically declined to take the defendant's suggestion in that matter that a plaintiff is required to prove a defendant's net worth. In other words, there's no net worth analysis that is required of the sort that counsel is purporting to ask this court to require. But you don't disagree that there has to be some evidence in the record regarding the financial condition of the defendant? And there is there. Do you take issue? But you don't take issue with that proposition, do you? I do not, Your Honor. I do not. In fact, if the court were to reference, it's footnote 7 in the Adams case from the Supreme Court. It's 54 Cal 3rd 105 at page 116, footnote 7. You'll see the actual discussion of the net worth analysis is not required by the California Supreme Court. Well, why don't you? I mean, there were findings of fact, which it looks like you may have prepared, but Judge through the different properties and other assets that Mr. Cortez has. And so why don't you just walk us through what the basis was for the financial condition? Because it does seem to be apparent in the record. Yes, Your Honor. So I'm going to refer to the docket, which is at page 855 of the excerpt. Well, that doesn't help us. You need to refer to the excerpts of record. That's how we have our materials organized. Yes, Your Honor. I was only going to make reference to the fact that a declaration was submitted that included all of the evidence that supported the punitive damages award. It was submitted together with the proposed findings that Judge Bress refers to. Where is that in the record? The evidence of the declaration, I realize, is not in the excerpts of record submitted, Your Honor, but the findings of fact with which no issue has been taken is in terms of whether they are supported by record. Evidence is in the record. The evidence of financial condition is throughout the record, but it's summarized at pages 32 through 34 of the excerpts of record, to which I will make reference. Judge Bress had asked you to go through there and point out the financial findings that were made that supported, excuse me, the award of punitive damages. Let me have just a moment, Your Honor. So the findings of fact and conclusions of law that the district judge, Judge Reel, entered here were not included in the excerpts of record. They were included by our side in the supplemental excerpts. So this would be in supplemental excerpts, page 1, I'm sorry, page 7, beginning at paragraphs 32, referring to the commercial property that the defendant owns on Whittier Boulevard in Pico Rivera, paragraph 33, the commercial property the defendant owns on that commercial property in paragraph 34, the number of vehicles owned by the defendant, the Gratian Street property, income-producing property for which the defendant receives a rent of $1,500 per month. In addition, elsewhere in the findings of fact and conclusions of law, it is evident that on the date of the fraudulent transfers at issue, in this case, the defendant had over $450,000 in cash. Where's that, Indy? Where's that in the record? Yes, Your Honor. I'm sorry, it's supplemental excerpts of record, page 5 and 6, paragraphs 12 through 20. Okay, I see. That described the defendant's bank accounts. So do you agree with the opposing counsel that the amount of the punitive damages was in the neighborhood of $900,000? It was $902,000 and some change, Your Honor. And so what about this information that you've related to us supports a punitive damages award of $900,000? I would say first, Your Honor, that the amount of the punitive damages award has not been challenged either in front of the district court or here. In fact, if the court refers to the... Well, suppose that we were to infer a challenge to the amount of the award by way of the argument that there is not sufficient financial information in the record. What would be your response as to how the evidence in the record supports the amount of the punitive damages award so that it's not unreasonable? Well, first of all, the punitive damages award is exactly 2X, two times the amount of the other award. So it's $451,000 and change multiplied by two, which is, I would say, in California, a modest punitive damages award. And particularly, it's not excessive in light of the assets of the defendant here, which, Your Honor, I neglected to mention one thing I meant to mention. It's not expressly referenced in the district court's findings of fact and conclusions of law. I don't think it's necessary to support them, but it is in the record in this case. It was in the record before Judge Reel. It is at excerpts of record, page 347. This is the bankruptcy petition filed by the defendant's company. The court probably recalls that Mr. Cortez was adjudged to be the alter ego of these two grain companies, one of which was a successor to the other, and both of them filed what I will characterize. I'm not asking the court to accept this. What I will characterize as specious bankruptcy petitions, but in them, among some of the evidence that was actually provided in support of these bankruptcy petitions at page 347, we see that the revenue of the grain company was in calendar year 2013, $3 million, calendar year 2014, $4.5 million, calendar year 2015, almost $6.5 million. And to answer your Honor's question, the courts of the State of California treat as distinct issues the adequacy of evidence of financial condition to support an award of punitive damages, and as a separate issue, whether the amount of the award is excessive in light of the defendant's ability to pay. And as to that second issue, there's not been any articulation of challenge. There was a declaration put forward, including the evidence, to the district court. There were findings of fact. Judge Reel waited the period prescribed by either the federal rules or the local rules or both. Is there any objection to the findings of fact? No objection. After that period was expired, Your Honor, Judge Brest, then Judge Reel signed without any objection the findings of fact and conclusions of law submitted based on the evidence. And then after that, on the very last day, the defendant made the motion, the denial of which is the subject of this appeal, and the entirety of the argument with respect to punitive damages can be found. It looks like it's on page 7, the findings of fact regarding punitive damages. Is that what you're relating? Is that what you're referencing? No, Your Honor. I was going to reference the court to the court asked about the claim of excessiveness in respect of the number, and so I was going to reference the court to the actual motion that was filed before Judge Reel so you could see. But Judge Brest had asked you whether or not the findings of fact were objected to, and I'm looking at the findings of fact regarding the punitive damages, and it doesn't really talk about the proportionality of the punitive damages or how it's related to the financial condition or what the rationale was regarding assessing the punitive damages. It does so in the conclusions of law, Your Honor. There are conclusions of law that specifically relate to the remedies sought by the plaintiffs. What are the conclusions of law regarding the, it says the court finds that double the Yes, Your Honor. But no explication of what those circumstances are? Well, apart from the findings of facts themselves, Your Honor. But the findings of fact on the punitive damages are very sparse in terms of why the amount of punitive damages was arrived at and how it was arrived at. It doesn't really tell us very much. Well, I would respectfully suggest to Your Honor that it is sufficient to meet the standard under California law. I can point the court to... I don't even think there was a dispute over whether it was appropriate in the first instance to award punitive damages because I understand the defendant here to essentially acknowledge that the conduct at issue transferring funds specifically to avoid paying a valid judgment was not acceptable. And so the only issue, as I understood it, was just is there enough evidence of the financial condition before the district court and alternatively whether punitive damages were even available under the statute under California law, which they are. As to the latter of those, it's clearly the case that punitive damages categorically are available. In this case, California law is that the trial judge must have a meaningful record. It's not required to have a perfect record. It certainly is not required to have a net worth analysis of the type suggested by the defendant. That comes straight from the California Supreme Court, Your Honors. And the cases XTC and O'Brien referenced in our brief affirmed punitive damages awards is based on far, to use your term, Your Honor, sparser evidence than what is in this record, including specifically what is referenced in Judge Reel's findings of fact and conclusions of law and the extra pieces that I've referenced the court to this morning. So it's your position that in entering an award of punitive damages, the court needs to say no more than that the amount is appropriate under the circumstances? I think that if, I'm not saying that, Your Honor. What I'm saying to you and what I think is the appropriate basis for this court's decision, which should affirm the judgment in this case, is that it is not a clear error by the district court. It is not a clear error in the first instance for the district court on this record to have imposed punitive damages at all and in the amount in which it awarded punitive damages. And it is not an abuse of discretion on this record for the district judge to have denied the motion to alter or amend the judgment that was filed in this case, which is at pages 47 and 48 of the excerpts of record, which is limited to, Your Honor, a few recitations of what I would submit are uncontested statements of the law and no effort whatsoever to tie those legal principles to the circumstances of the case or to point out in any way where the court committed a clear error by imposing the punitive damages award in the first place or at the level that it did, which again I would submit is modest in comparison to punitive damages awards generally. I see I've exceeded my time. All right. Thank you, Counselor. Thank you, Your Honor. Rebuttal. I would first like to say to the court that we filed in the district court a motion to alter or amend the judgment by entering a money judgment against Cortez, which duplicated the judgment already entered against him in 2016 in the prior fraudulent transfer action in violation of the rule prohibiting double recovery. We also filed in that same motion to amend or alter the judgment that by entering a judgment for punitive damages against Cortez where such relief is not available under the Uniform Voidable Transaction Act in California at 3439.01 et sec and even if so are not awardable in this case because of the lack of evidence concerning Cortez's financial condition and the invalidity of the compensatory damages awarded against him. Another issue that I'd like to address which is really related to the first appeal is that the time that this happened, the matter was up on appeal and this court affirmed and reversed the original summary judgment in part and there was an argument and tried to get a determination as to what the true damages were in the first case. This case came up and the amount of money that was transferred went to pay down the debt on the property that Atterbury could have collected creating more equity and I don't know how that's a fraudulent transfer when they have the right to levy against the property for which the debt was paid down. And the second payment was to the defendant's son claiming that he owed him the money and that was the basis for the fraudulent transfer action. Nothing at all at any time prevented them, meaning Atterbury, from levying on the property that they knew was available to satisfy the judgment. They took zero effort to do that. Rather than do that, they filed the second fraudulent conveyance action and we filed, we opposed by asking the court to amend its judgment which was done with no evidence taken simply on summary judgment. There were proposed findings of fact and I believe you were consulted or someone on your side was consulted about those and they were submitted to the court without objection. No, but then we filed a motion to alter and amend them which we had the right to do which was denied. What evidence did you bring forward at that time? In that document, we alleged, which is up on appeal, we alleged that there was insufficient evidence to support the punitive damage award and the amount. You made that argument. Was there anything accompanying that suggesting that this in fact was an excessive part, sought to collect an excessive portion of the net worth of defendants? We basically argued that it was inappropriate. You argued after findings of fact have been entered that, well, that we want to redo, but you didn't do anything that suggests the underlying potential problem which is that if in fact defendant didn't have adequate net worth to justify an award at this time, the court should make a correction. But are you entitled to a redo? I mean, that was an argument that should have been made before the findings of fact were ever entered. And to come in later and say, well, there wasn't enough evidence for that without doing anything to contest the point, strikes me as closing the barn door after the horse is gone. The argument was made before the judgment was rendered. Where? In the original opposition to the motion for summary judgment. Isn't it the case, though, that your client owns three homes? He owns a tortilla factory. He owns three vehicles. May I respond to that? Please. Do you want me to respond to that? Yes. That's why I'm asking the question. My client owns two commercial properties that have substantial debt. There's no evidence of what the equity in those properties are. My client did not own Superior. My client had sold Superior to his children. My client then, when the Superior went under because Atterbury Grain delivered $600,000 in defective product to a small business for which they weren't paid for and then went to an arbitration, a grain arbitration, where one of the members of the arbitration panel worked for Atterbury. That being said, my client's business went out of business, that being Superior. That's who the judgment was against, Superior. The original action was filed. It was granted on summary judgment, which went up on appeal. The court affirmed and reversed a portion of it, and the reversal related to what was the true damages that Atterbury were entitled to in the original underlying judgment. This case had to do with them transferring property, which could have been used to satisfy the judgment. They had every right to levy on that property. We could not afford to post a bond. Are you suggesting that the transfer of the property was appropriate? Well, there's certainly... I thought you conceded that it was not. No, the court found that it was not, wasn't conceded. The transfer of the $251,000 to pay down the mortgage on a property that they were aware of would only have created more equity for them to collect on their judgment if they chose to levy on it. Nothing prevented them from levying on it. With regard to the $200,000, I will concede that that was a questionable transaction. To award a $900,000 punitive damage on top of that seems, without unsummary judgment, with no evidence being taken regarding the issue, I just feel is inappropriate. That's all I have to say. All right, counsel. Thank you to both counsel. This case, just argued, is submitted for decision by the court.
judges: Rawlinson, Clifton, Bress